IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SABRE TECHNOLOGIES, L.P. D/B/A | § | |
| SKYLINE DISPLAYS OF HOUSTON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-08-1815 |
| TSM SKYLINE EXHIBITS, INC., | § | |
| TSM EXHIBITS INCORPORATED, and | § | |
| BERYL ANN WINDHAM | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff Sabre Technologies,
L.P.'s ("Sabre") Motion to Abstain from Hearing Plaintiff's
Original Petition and Motion to Remand to State Court (Docket Entry
No. 4) and defendants TSM Exhibits Incorporated ("Exhibits") and
Beryl Ann Windham's ("Windham") Motion to Transfer Venue (Docket
Entry No. 11). For the reasons stated below, Sabre's motion to
abstain and remand will be denied, and Exhibits and Windham's
motion to transfer will be granted.

## I.  Factual and Procedural Background

This dispute arises out of a $200,000 loan made by Sabre to
TSM Skyline Exhibits, Inc. ("Skyline"), a company of which Windham
is the owner and chief executive officer, in June 2007.[1]  Sabre

_____

[1] Plaintiff's Brief in Support of Plaintiff's Motion to
(continued...)

filed suit against Skyline, Windham, and Exhibits, another company owned by Windham, on March 12, 2008, in the district court of Harris County, Texas.[2] Sabre's original petition included causes of action for breach of the promissory note associated with the loan, fraudulent transfers of assets from Skyline to Exhibits, and sought the appointment of a receiver "to take charge of the assets transferred from [Skyline] to [Exhibits] or of other property of [Exhibits.]"[3] The defendants filed answers to plaintiff's petition and raised several counterclaims arising out of the same loan transaction.[4]

On June 5, 2008, Skyline filed a voluntary bankruptcy petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas.[5] The following day Exhibits and Windham removed the state court lawsuit

---

[1](...continued)
Abstain from Hearing Plaintiff's Original Petition and Motion to Remand to State Court, Docket Entries No. 5 & 6 at 2-3.

[2] Notice of Removal, Docket Entry No. 1 at 2.

[3] See Plaintiff's Original Petition at ¶¶ 16-36 (included in the Notice of Removal, Docket Entry No. 1 at Exhibit A, Attachment 2).

[4] See Defendants' Original Answer and Counterclaim (included in the Notice of Removal, Docket Entry No. 1, Exhibit A, Attachment 3); Defendant's Original Answer (included in the Notice of Removal, Docket Entry No. 1, Exhibit A, Attachment 4).

[5] Notice of Removal, Docket Entry No. 1 at 3.

to this court pursuant to 28 U.S.C. §§ 1452(a) and 1334(b).[6] On July 14, 2008, Exhibits and Windham filed a Suggestion of Bankruptcy stating that Skyline had declared bankruptcy and requesting that the court administratively close and abate this action pursuant to the automatic stay imposed by the Bankruptcy Code as to proceedings against a debtor.[7] The following day the court dismissed without prejudice the action against Skyline, the bankrupt entity.[8]

Sabre now moves the court to abstain from exercising jurisdiction and to remand the case to state court.[9] Exhibits and Windham move the court to transfer the action to the Northern District of Texas, Dallas Division, where Skyline's bankruptcy proceeding is pending.[10]

---

[6] Notice of Removal, Docket Entry No. 1 at 3-4. <u>See</u> 28 U.S.C. § 1452(a) (allowing removal of cases over which the district court is granted jurisdiction under 28 U.S.C. § 1334); 28 U.S.C. § 1334(b) (granting original jurisdiction to the district courts "of all civil proceedings arising under title 11, or arising in or related to cases under title 11.").

[7] <u>See</u> Suggestion of Bankruptcy and Notice of Application of Automatic Stay, Docket Entry No. 8.

[8] Order, Docket Entry No. 9.

[9] Motion to Abstain from Hearing Plaintiff's Original Petition and Motion to Remand to State Court, Docket Entry No. 4.

[10] Motion to Transfer Venue, Docket Entry No. 11.

## II.  **Motion to Abstain and Remand**

28 U.S.C. § 1334(b) grants jurisdiction to federal district courts over "all civil proceedings arising under title 11, or arising in or related to cases under title 11."   28 U.S.C. § 1334(b).  Section 1334(c)(1), however, provides that the district courts have discretion to abstain from exercising that jurisdiction "in the interest of justice, or in the interest of comity with the State courts or respect for State law . . . ."   28 U.S.C. § 1334(c)(1).   Similarly, 28 U.S.C. § 1452(b) provides that a district court that has obtained jurisdiction over a claim or cause of action via removal pursuant to 28 U.S.C. §§ 1452(a) and 1334 "may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b).  Section 1334(c)(2) provides that the district courts <u>must</u> abstain from exercising jurisdiction upon a timely motion if the proceeding is

> based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section . . . .

28 U.S.C. § 1334(c)(2).

Sabre asserts that the court must abstain under  § 1334(c)(2) or, alternatively, that the court should exercise its discretion to abstain or remand under § 1334(c)(1) or 1452(b).[11]   Exhibits and

---

[11] Plaintiff's Motion to Abstain from Hearing Plaintiff's
(continued...)

Windham respond that mandatory abstention is not required and that the court should not exercise its discretion to abstain or remand.[12]

## A. Mandatory Abstention

Under 28 U.S.C. § 1334(c)(2), a federal district court must abstain from exercising jurisdiction over a claim if "(1) [t]he claim has no independent basis for federal jurisdiction, other than § 1334(b); (2) the claim is a non-core proceeding, i.e., it is related to a case under title 11 but does not arise under or in a case under title 11; (3) an action has been commenced in state court; and (4) the action could be adjudicated timely in state court." Schuster v. Mims (In re Rupp & Bowman), 109 F.3d 237, 239 (5th Cir. 1997) (citing Gober v. Terra + Corp. (In re Gober), 100 F.3d 1195, 1206 (5th Cir. 1996)).

Sabre asserts that the court must abstain from exercising jurisdiction under § 1334(c)(2).[13] Exhibits and Windham respond

---

[11](...continued)
Original Petition and Motion to Remand to State Court, Docket Entry No. 4; Plaintiff's Brief in Support of Plaintiff's Motion to Abstain from Hearing Plaintiff's Original Petition and Motion to Remand to State Court, Docket Entries No. 5 & 6.

[12] Response and Brief by TSM Exhibits Incorporated and Beryl Ann Windham to Plaintiff's Motion to Abstain from Hearing Plaintiff's Original Petition and Motion to Remand to State Court, Docket Entry No. 10.

[13] Plaintiff's Motion to Abstain from Hearing Plaintiff's Original Petition and Motion to Remand to State Court, Docket Entry No. 4; Plaintiff's Brief in Support of Plaintiff's Motion to Abstain from Hearing Plaintiff's Original Petition and Motion to
(continued...)

that this statute does not apply because Sabre's claims against them constitute "core" proceedings and that the action cannot be timely adjudicated in state court.[14]

To determine whether a proceeding is a "core" or "non-core" proceeding, "the court must look to both the form and the substance of the proceeding." Matter of Wood, 825 F.2d 90, 97 (5th Cir. 1987). Generally, a core proceeding is one that "invokes a substantive right provided by title 11 or . . . is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." Id. More specifically, 28 U.S.C. § 157(b)(2) provides a non-exhaustive list of particular proceedings that constitute "core" proceedings. The list includes, inter alia, "proceedings to determine, avoid, or recover fraudulent conveyances." 28 U.S.C. § 157(b)(2)(H). Additionally, the statute specifically provides that a court should not conclude that a proceeding is not a core proceeding "solely on the basis that its resolution may be affected by State law." 28 U.S.C. § 157(b)(3). See also In re Southmark Corp., 163 F.3d 925, 930, 932 (5th Cir. 1999) (explaining that "the applicability of state law to a proceeding is insufficient in itself to render it a non-core

---

[13](...continued)
Remand to State Court, Docket Entries No. 5 & 6.

[14] Response and Brief by TSM Exhibits Incorporated and Beryl Ann Windham to Plaintiff's Motion to Abstain from Hearing Plaintiff's Original Petition and Motion to Remand to State Court, Docket Entry No. 10 at 6-10.

proceeding" and holding that a state law malpractice claim was a core proceeding).

As several courts have recognized, the term "proceeding," as it is used in 28 U.S.C. § 157, must be interpreted narrowly to mean an individual cause of action rather than an entire bankruptcy proceeding. See, e.g., Ralls v. Docktor Pet Centers, Inc., 177 B.R. 420, 425 & n.6 (D. Mass. 1995) ("[T]he word proceeding must refer to the specific causes of action and grounds for relief sought by a party, and not the entire action. Any broader meaning would fail to comply with the Constitutional concerns of Marathon."); In re Best Reception Systems, Inc., 220 B.R. 932, 945-46 (Bankr. E.D. Tenn. 1998) (agreeing with Ralls). Accordingly, when determining the extent of an Article I bankruptcy court's jurisdiction, the core versus non-core analysis must be performed individually for each cause of action in a case to prevent the bankruptcy court from stepping outside the boundaries of its limited authority.[15] See Halper v. Halper, 164 F.3d 830, 839 (3d

---

[15] The core versus non-core scheme was implemented by Congress in the Bankruptcy Amendments and Federal Judgeship Act of 1984 in response to the Supreme Court's holding in Northern Pipeline v. Marathon, 102 S.Ct. 2858 (1982), that the jurisdictional provisions of the Bankruptcy Reform Act of 1978 unconstitutionally granted Article III judicial powers to Article I bankruptcy judges. Matter of Wood, 825 F.2d 90, 91 (5th Cir. 1987). Thus, the core versus non-core analysis is usually conducted in the context of determining the extent of the judicial power a federal bankruptcy court may exercise over a particular proceeding. See generally Wood, 825 F.2d at 91 (5th Cir. 1987) (discussing the history and purpose of the Bankruptcy Code's core versus non-core distinction).
(continued...)

Cir. 1999) ("We adopt the claim-by-claim approach as the only one consistent with the teachings of <u>Marathon</u>."); <u>Ralls</u>, 177 B.R. at 425 n.6 ("A district court must scrutinize each count and each asserted right for relief to determine which ones were properly before the bankruptcy judge . . . .").

When the core versus non-core analysis is performed pursuant to the mandatory abstention provision of 28 U.S.C. § 1334(c)(2)—a provision that limits the jurisdiction of the district courts, not the bankruptcy courts—each cause of action must still be considered separately. <u>See, e.g.</u>, <u>Davis v. Life Investors Ins. Co. of Am.</u>, 282 B.R. 186, 193 n.4 (S.D. Miss. 2002) (noting, in the context of considering a motion for mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2), that "the 'core proceeding' analysis is properly applied not to the case as a whole but as to each cause of action within a case."); <u>WRT Creditors Liquidation Trust v. CIBC Oppenheimer Corp.</u>, 75 F. Supp. 2d 596, 608 (S.D. Tex. 1999) (implementing a claim-by-claim core versus non-core analysis in the

---

[15](...continued)
If a proceeding is determined to be a core proceeding, the bankruptcy court may exercise "full judicial power." <u>Id.</u> <u>See</u> 28 U.S.C. § 157(b)(1) ("Bankruptcy judges may hear and determine . . . all core proceedings . . . and may enter appropriate orders and judgments . . . ."). On the other hand, if a proceeding is classified as non-core, the bankruptcy court may "exercise only limited power . . . ." <u>Wood</u>, 825 F.2d at 91. <u>See</u> 28 U.S.C. § 157(c)(1)-(2) (providing that bankruptcy judges may only submit proposed findings of fact and conclusions of law to the district court in non-core proceedings, and may only enter orders and judgments with the consent of the parties).

context of considering a motion for mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2)). But, as the Fifth Circuit has held, if a case involves both core and non-core causes of action § 1334(c)(2) does not necessarily require abstention by the district court for the non-core causes of action. See In re TXNB Internal Case, 483 F.3d at 300-301 (affirming the district court's refusal to abstain from exercising jurisdiction over a non-core cause of action because the district court had supplemental jurisdiction over it under 28 U.S.C. § 1367(a), and therefore jurisdiction was not based solely on § 1334).

A district court is not required to abstain from exercising jurisdiction over non-core causes of action as long as the court's jurisdiction over the non-core causes of action rests on some basis other than § 1334 alone. See id. For example, if the district court has jurisdiction over the non-core causes of action pursuant to the supplemental jurisdiction provisions of 28 U.S.C. § 1367(a) because the non-core causes of action are so related to the core causes of action "that they form part of the same case or controversy," 28 U.S.C. § 1367(a), the mandatory abstention provision found in § 1334(c)(2) does not apply to the non-core cause of action. See id.

### 1. Core Causes of Action

In this case there are multiple causes of action asserted by and against the remaining parties. At least two of these causes of

action are core proceedings as defined in 28 U.S.C. § 157. Sabre has asserted a cause of action against Exhibits alleging fraudulent transfers from Skyline to Exhibits.[16]  This is clearly a core proceeding under 28 U.S.C. § 157(b)(2)(H), which defines "proceedings to determine, avoid, or recover fraudulent conveyances" as core proceedings.  28 U.S.C. § 157(b)(2)(H).

Sabre has also asserted a cause of action seeking the appointment of a receiver "to take charge of the assets transferred from Skyline to Exhibits, or of other property of Exhibits."[17] Because this cause of action is a "proceeding[] to . . . recover fraudulent conveyances," 28 U.S.C. § 157(b)(2)(H), it too is a core proceeding.[18]

---

[16] Plaintiff's Original Petition at ¶¶ 20-22 (included in the Notice of Removal, Docket Entry No. 1 at Exhibit A, Attachment 2).

[17] Plaintiff's Original Petition at ¶¶ 31-32 (included in the Notice of Removal, Docket Entry No. 1 at Exhibit A, Attachment 2).

[18] The fact that the bankruptcy debtor, Skyline, is no longer a party to the case does not affect the designation of these two causes of action as core proceedings.  Courts have routinely held causes of action in which the debtor is not a party to be core proceedings.  See, e.g., Matter of TXNB Internal Case, 483 F.3d 292, 296-97, 300-01 (5th Cir. 2007) (holding that a claim by a creditor of the bankruptcy debtor against a party that allegedly owed money to the bankruptcy debtor was a core proceeding even though the debtor was not a party to the case); Halper v. Halper, 164 F.3d 830, 838 (3d Cir. 1999) (holding a claim by a non-debtor against a non-debtor to recover an alleged fraudulent conveyance from the debtor to the defendant to be a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(H))); In re Doctors Hosp., 351 B.R. 813, 849 (Bankr. S.D. Tex. 2006) (holding that claim by a creditor of the debtor against a non-debtor third party was a core proceeding).

Because these two causes of action are core proceedings, the court is not required by 28 U.S.C. § 1334(c)(2) to abstain from exercising jurisdiction over them. See 28 U.S.C. § 1334(c)(2); Schuster, 109 F.3d at 239.

### 2. Other Causes of Action

All of the causes of action in this case relate to the loan made by Sabre to Skyline.[19] All causes of action, whether they are claims or counterclaims, involve the activities and communications of the parties leading up to the consummation of the loan and the associated promissory note and/or the activity that allegedly occurred after the loan was made, either in the enforcement of the debt or the attempted avoidance thereof,[20] Therefore, all causes of action, including the two causes of action that are core proceedings, arise from "'a common nucleus of operative fact.'" Matter of TXNB Internal Case, 483 F.3d at 301 (quoting United Mine Workers v. Gibbs, 86 S. Ct. 1130, 1138 (1966)). The court, therefore, has supplemental jurisdiction over the other causes of

---

[19] See Plaintiff's Original Petition at ¶¶ 16-36 (included in the Notice of Removal, Docket Entry No. 1 at Exhibit A, Attachment 2); Defendant's Original Answer and Counterclaim at 1-4 (included in the Notice of Removal, Docket Entry No. 1 at Exhibit A, Attachment 3).

[20] See Plaintiff's Original Petition at ¶¶ 16-36 (included in the Notice of Removal, Docket Entry No. 1 at Exhibit A, Attachment 2); Defendant's Original Answer and Counterclaim at 1-4 (included in the Notice of Removal, Docket Entry No. 1 at Exhibit A, Attachment 3).

action pursuant to 28 U.S.C. § 1367(a),[21] and § 1334(c)(2) does not require the court to abstain from exercising jurisdiction over them. See 28 U.S.C. § 1334(c)(2); Matter of TXNB Internal Case, 483 F.3d at 301.

Because the court concludes that at least two of Sabre's causes of action constitute core proceedings and that jurisdiction over all other causes of action does not rest solely on § 1334, it is unnecessary to analyze Exhibits and Windham's assertion that the action cannot be timely adjudicated in state court.

## B. Discretionary Abstention and Remand

Although 28 U.S.C. § 1334(c)(2) does not mandate abstention in this case, 28 U.S.C. § 1334(c)(1) and 28 U.S.C. § 1452(b) afford the court discretion to abstain or remand in the interest of equity. 28 U.S.C. § 1334(c)(1) provides that "nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."

_____

[21] To the extent the parties' briefs could be construed to stipulate that the court's jurisdiction for all causes of action is founded solely on 28 U.S.C. § 1334, the court is not bound by such a stipulation. Subject matter jurisdiction is an issue of law, Gasch v. Hartford Accident & Ins. Co., 491 F.3d 278, 281 (5th Cir. 2007) ("All issues of subject matter jurisdiction . . . are questions of law . . . ."), and "a court is not bound to accept stipulations of law by parties to litigation." Overton v. City of Austin, 748 F.2d 941, 957 n. 19 (5th Cir. 1984).

28 U.S.C. § 1334(c)(1). Similarly, 28 U.S.C. § 1452(b) provides that "[t]he court . . . may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b).

Courts have broad discretion when considering abstention or remand under these provisions,[22] but usually consider a number of specific factors in reaching their decisions. See, e.g., In re Encompass Services Corp., 337 B.R. 864, 878 (Bankr. S.D. Tex. 2006). The factors considered include

> 1. the effect or lack thereof on the efficient administration of the estate if the court recommends [remand or] abstention; 2. extent to which state law issues predominate over bankruptcy issues; 3. difficult or unsettled nature of applicable law; 4. presence of related proceeding commenced in state court or other nonbankruptcy proceeding; 5. jurisdictional basis, if any, other than § 1334; 6. degree of relatedness or remoteness of proceeding to main bankruptcy case; 7. the substance rather than the form of an asserted core proceeding; 8. the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; 9. the burden of the bankruptcy court's docket; 10. the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; 11. the existence of a right to a jury trial; 12. the presence in the proceeding of nondebtor parties; 13. comity; and 14. the possibility of prejudice to other parties in the action.

Id. (quoting Broyles v. U.S. Gypsum Co., 266 B.R. 778, 785 (E.D. Tex. 2001)).

---

[22] The court's refusal to abstain or remand under these sections is not reviewable on appeal. 28 U.S.C. § 1334(d); 28 U.S.C. § 1452(b).

1. <u>Factors Weighing Against Remand or Abstention</u>

Factors 1, 2, 3, 4, 6, 7, 8, and 14 weigh strongly in favor of maintaining federal jurisdiction. Exhibits and Windham point out that Sabre is Skyline's largest creditor.[23] Therefore, the administration of Skyline's bankruptcy estate would be much more efficient if this court declines to remand the case and transfers it to the Northern District of Texas where Skyline's bankruptcy proceeding is pending.[24] There, the bankruptcy court can best adjudicate these claims, which are closely linked with Skyline's alleged debt to Sabre.[25]

As for the second factor, although the claims asserted by Sabre are state law causes of action, they include claims involving the determination and recovery of fraudulent transfers. If individual debtors are allowed to prosecute fraudulent transfer claims on their own, rather than having the bankruptcy trustee recover fraudulent transfers for the benefit of all creditors, they "are allowed an 'end-run' around the proper bankruptcy channels."

---

[23] Response and Brief by TSM Exhibits Incorporated and Beryl Ann Windham to Plaintiff's Motion to Abstain from Hearing Plaintiff's Original Petition and Motion to Remand to State Court, Docket Entry No. 10 at 9, 12.

[24] <u>See</u> <u>infra</u> Part III.

[25] <u>See</u> N.D. Tex. Misc. Order 33 (ordering that all bankruptcy cases or cases arising in or related to bankruptcy be referred to the bankruptcy judges in that district) (attached as Exhibit A to Defendant TSM Exhibits Incorporated's and Defendant Beryl Ann Windham's Motion to Transfer Venue and Brief in Support, Docket Entry No. 11).

<u>Sears Petroleum & Transp. Corp. v. Burgess Contr. Servs. Inc.</u>,
417 F. Supp. 2d 212, 222 (D. Mass. 2006). Therefore, state law
issues cannot be said to predominate over bankruptcy issues.

Also, the state law claims involved in this case do not
involve unsettled areas of state law. Thus, the third factor also
favors maintaining federal jurisdiction.

With regard to the fourth factor, the only related proceeding
in state court was this one, which was promptly removed before the
state court expended any significant resources.[26] As to the sixth
factor, the claims remaining in this case, which are centered
around the transaction that manifested Skyline's largest debt, are
very closely related to the main bankruptcy proceeding. Therefore,
the fourth and sixth factors weigh against abstention or remand.

The substance of two of Sabre's claims against Exhibits
involve fraudulent transfers, which should be resolved by the
bankruptcy court. <u>See</u> <u>Sears</u>, 417 F. Supp. 2d at 222 (explaining
the importance of the bankruptcy court adjudicating fraudulent
conveyance claims). Thus, the seventh factor also militates
strongly against remand or abstention.

Because all of the claims involved in this case arise from a
common core of operative facts such that they "form part of the

---

[26] <u>See</u> Plaintiff's Brief in Support of Plaintiff's Motion to
Abstain from Hearing Plaintiff's Original Petition and Motion to
Remand to State Court, Docket Entries No. 5 & 6 at 3-4.

same case or controversy . . ."[27] severance is impracticable, and the eighth factor weighs against abstenation or remand.

Finally, Sabre does not allege that it will be prejudiced if this court declines to abstain or remand this case to state court.[28] Windham and Exhibits support this court retaining jurisdiction.[29] Thus, the court finds that no parties will be prejudiced if it declines to abstain or remand, and that the fourteenth factor supports retention of jurisdiction.

### 2. Factor Favoring Remand or Abstention

Only one factor favors abstaining or remanding the case to state court. The fifth factor militates toward abstaining or remanding the case to state court because the court has jurisdiction over the core causes of action pursuant to 28 U.S.C. § 1334 and the non-core causes of action via supplemental jurisdiction.[30] Therefore, absent 28 U.S.C. § 1334, there would be no basis for the court to exercise jurisdiction over the core causes of action.

---

[27]  28 U.S.C. § 1367(a).

[28]  See Plaintiff's Brief in Support of Plaintiff's Motion to Abstain from Hearing Plaintiff's Original Petition and Motion to Remand to State Court, Docket Entries No. 5 & 6.

[29]  See Response and Brief by TSM Exhibits Incorporated and Beryl Ann Windham to Plaintiff's Motion to Abstain from Hearing Plaintiff's Original Petition and Motion to Remand to State Court, Docket Entry No. 10.

[30]  See supra Part II.A.1-2.

16

### 3. Neutral Factors

The remaining factors are neutral. With regard to the ninth factor, the docket of this court is manageable, and no one suggests that the docket of the bankruptcy court in the Northern District of Texas is overburdened. As for factor number ten, Sabre has not asserted that Exhibits and Windham are forum shopping by seeking to remain in federal court nor will the court presume that they are doing so. Similarly, there are no allegations, and the court does not presume, that Sabre has or is engaged in forum shopping by seeking a forum in state court. Thus, the tenth factor is neutral.

While the availability of the right to a jury trial normally weighs in favor of a state court forum, the factor is neutral in this case. Sabre apparently did not request a jury trial in state court, although presumably its time to do so had not yet expired,[31] and Sabre has not requested a jury trial in this court.[32] The court therefore considers the eleventh factor to be neutral.

_____

[31] See Response and Brief by TSM Exhibits Incorporated and Beryl Ann Windham to Plaintiff's Motion to Abstain from Hearing Plaintiff's Original Petition and Motion to Remand to State Court, Docket Entry No. 10 at 14; Plaintiff's Original Petition (included in the Notice of Removal, Docket Entry No. 1 at Exhibit A, Attachment 2) (failing to request a jury trial). See also Tex. R. Civ. P. 216(a) (requiring that a written request for a jury trial be filed "a reasonable time before the date set for trial . . . but not less than thirty days in advance").

[32] See Fed. R. Civ. P. 38 (describing procedure for requesting a jury trial in federal court).

As for the twelfth factor, the two remaining defendants, Windham and Exhibits, are non-debtors. But, they are closely related to the debtor, Skyline. Windham is the owner of the debtor, and Exhibits is another company owned by Windham through which she allegedly engaged in the same or a similar line of business.[33] Additionally, all of the claims in this case, and thus all of the parties, are related to or involved with the largest debt owed by the debtor: the loan from Sabre. Thus, the twelfth factor is neutral.

Finally, with regard to the thirteenth factor, comity, the court concludes that the state and federal interests balance out, rendering this factor neutral. All of the causes of action involved in this case are state law causes of action. The causes of action include, however, claims that involve the determination and recovery of fraudulent conveyances. See Sears, 417 F. Supp. 2d at 222 (explaining the importance of the bankruptcy court adjudicating fraudulent conveyance claims). Additionally, as discussed above, Skyline's bankruptcy estate could be more efficiently administered if this case is transferred to the Northern District of Texas for adjudication by the bankruptcy court where Skyline's bankruptcy proceeding is pending.

---

[33] See Plaintiff's Brief in Support of Plaintiff's Motion to Abstain from Hearing Plaintiff's Original Petition and Motion to Remand to State Court, Docket Entries No. 5 & 6 at 2-3.

After considering the facts of this case in light of the fourteen factor balancing test, the court declines to exercise its discretion under 28 U.S.C. § 1334(c)(1) and 28 U.S.C. § 1452(b) to abstain from exercising jurisdiction over this case or to remand it to state court.

### III. __Motion to Transfer__

Exhibits and Windham move the court to transfer this case to the United States District Court for the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1412 or 28 U.S.C. § 1404(a).[34] Under a standing order of the Northern District of Texas, the case would be transferred to a bankruptcy judge—presumably the bankruptcy judge handling Skyline's pending bankruptcy proceeding. See N.D. Tex. Misc. Order 33 (ordering that all bankruptcy cases or cases arising in or related to bankruptcy be referred to the bankruptcy judges in that district).

### A. Waiver

Before addressing the merits of Exhibits and Windham's motion to transfer, the court must first address Sabre's contention that Exhibits and Windham have waived their right to seek a transfer of venue. In Sabre's response to Exhibits and Windham's motion to transfer, it asserts that Exhibits and Windham waived their right

---

[34] See Defendant TSM Exhibits Incorporated's Motion and Defendant Beryl Ann Windham's Motion to Transfer Venue and Brief in Support, Docket Entry NO. 11.

19

to obtain a transfer of venue when this case was still pending in state court by failing to file a Motion to Transfer Venue pursuant to Texas Rule of Civil Procedure 86 before filing their original answer and counterclaims.[35]

Sabre has cited no law even suggesting that Exhibits and Windham's failure to file a Motion to Transfer Venue in state court under TRCP 86 constitutes a waiver of its right to later seek a discretionary change of venue under § 1404(a) or § 1412 in federal court after removal.[36] The court also was unable to identify any precedent that directly addresses this argument. A similar situation, however, arose in <u>U.S. Brass Corp. v. American Gas Furnace Co.</u>, No. Civ. 301CV0414-H, 2001 WL 1082416 (N.D. Tex. Aug. 29, 2001).

In that case, which had been removed from a Texas state court, the federal district court held that, pursuant to FRCP 12(h),[37] the defendant had waived its defense of improper venue before removal

---

[35] <u>See</u> Plaintiff's Response to Defendant's Motion to Transfer Venue, Docket Entry No. 12; Brief in Support of Plaintiff's Response to Defendant's Motion to Transfer Venue, Docket Entry No. 12 at 4-5. <u>See also</u> TEX. R. CIV. P. 86(1) ("An objection to improper venue is waived if not made by written motion filed prior to or concurrently with any other plea, pleading or motion except a special appearance motion provided for in Rule 120a.").

[36] <u>See</u> Brief in Support of Plaintiff's Response to Defendant's Motion to Transfer Venue, Docket Entry No. 13.

[37] FRCP 12(h) provides that the failure to make a motion objecting to improper venue under FRCP 12(b)(3) prior to or simultaneous with the filing of any other responsive pleadings waives the defense. FED. R. CIV. P. 12(h).

by filing an answer in state court without previously or simultaneously filing a Rule 86 Motion to Transfer Venue. U.S. Brass, 2001 WL 1082416, at *1-2 (citing FED. R. CIV. P. 12(h)). But, the defense of improper venue, which is usually asserted in federal court under Federal Rule of Civil Procedure 12(b)(3),[38] the federal analogue to TRCP 86, is not the same as a motion for discretionary change of venue under 28 U.S.C. §§ 1404(a) or 1412. In fact, the court in U.S. Brass, went on to consider the defendant's motion to transfer venue under 28 U.S.C. § 1404(a) without considering the possibility of waiver. U.S. Brass, 2001 WL 1082416, at *2-3.[39]

Moreover, in cases filed directly in federal court it is well established that a party's failure to timely object to improper venue under FRCP 12(b)(3) does not constitute a waiver of its right to later seek a discretionary change in venue under 28 U.S.C. § 1404(a).[40]  See, e.g., Blane v. American Inventors Corp.,

[38] "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: . . . (3) improper venue."  FED. R. CIV. P. 12(b)(3).

[39] It is unclear from the court's opinion whether the plaintiff raised the waiver argument with respect to the motion for discretionary transfer of venue. See U.S. Brass, 2001 WL 1082416, at *2-3.

[40] A party must still file a motion to transfer venue under 28 U.S.C. § 1404(a) with "'reasonable promptness,'" and the court may "consider[] a party's delay in denying a motion to transfer." Peteet v. Dow Chemical Co., 868 F.2d 1428, 1436 (5th Cir. 1989) (quoting 15C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD D. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3844, at 335-37 (2d ed. 1986)).
(continued...)

934 F. Supp. 903, 905-06 (M.D. Tenn. 1996); <u>Hirsh v. Zavaras</u>, 920 F. Supp. 148, 150 (D. Colo. 1996); <u>Leif Hoegh & Co. v. Alpha Motor Ways, Inc.</u>, 534 F. Supp. 624, 626 (S.D.N.Y. 1982); <u>Montgomery Ward & Co. v. Anderson Motor Serv., Inc.</u>, 339 F. Supp. 713, 718 n.3 (W.D. Mo. 1971). <u>See also</u> 15 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD D. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3844, at 31-32 (3d ed. 2007) ("A party who has waived his or her objection to the propriety of venue by failing to assert the defense at the proper time is not for that reason precluded from moving for a change of venue."). Accordingly, the court concludes that Exhibits and Windham's failure to file a Motion to Transfer Venue in state court under TRCP 86 did not amount to a waiver of its right to now seek a discretionary change in venue in federal court under 28 U.S.C. § 1404(a) or § 1412.

## B. Transfer of Venue Under 28 U.S.C. § 1412 and § 1404(a)

The Bankruptcy Code includes its own discretionary change of venue statute. 28 U.S.C. § 1412 provides that "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. Courts are divided as to whether "a case or proceeding under title 11," as used in

---

[40](...continued)
Exhibits and Windham filed their motion to transfer less than two months after the case was removed to this court, which was reasonably prompt.

this statute, includes non-core proceedings, i.e., those proceedings that merely are "related to" a case under title 11. See Dunlaps v. Friedman's Inc., 331 B.R. 674, 676-77 (S.D. W.Va. 2005) (documenting and explaining the division in authority over the scope of "case or proceeding under title 11" as used in § 1412). Some courts have held that even non-core proceedings can be transferred under § 1412. Id. Other courts have held that § 1412 does not apply to non-core proceedings, and that such non-core proceedings can only be transferred to a different venue pursuant to § 1404(a), the general change of venue statute. Id. In fact, it is not even clear which view is the majority view. Id. ("'[C]ourts have reached different conclusions as to which interpretation constitutes the majority view."') (quoting City of Liberal v. Trailmobile Corp., 316 B.R. 358, 362 (D. Kan. 2004)). This court need not enter the fray, however. Although some of the causes of action in this case could be non-core causes of action,[41] the court is satisfied that transfer to the Northern District of Texas, Dallas Division, is appropriate under both § 1412 and § 1404(a).[42] See City of Liberal, 316 B.R. at 362 ("The court need

---

[41] See supra Part II.A.1-2 (holding that at least two causes of action are core proceedings, but not making a core versus non-core determination as to the remaining causes of action).

[42] No one disputes that § 1412 applies to core proceedings. See Dunlaps v. Friedman's Inc., 331 B.R. 674, 676-77 (S.D. W.Va. 2005). The court has held that at least two causes of action in this case are core proceedings. See supra Part II.A.1. These
(continued...)

not resolve the matter since it finds that transfer is appropriate under either statute.").

1. <u>Standard of Review</u>

Section 1412 allows the court to transfer a case "in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. Section 1404(a) similarly provides "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "The only substantial difference between the statutes is the additional requirement under § 1404(a) that an action may be transferred to any place where venue could have been valid originally." <u>City of Liberal</u>, 316 B.R. at 362. <u>See also</u> 15 Charles Alan Wright, Arthur R. Miller & Edward D. Cooper, Federal Practice and Procedure § 3844, at 26 (3d ed. 2007) (stating that "courts have held that [§ 1412] requires essentially the same analysis and turns on the same issues as the transfer of civil actions under Section 1404(a)," but pointing out that § 1404(a) requires the additional

_____

[42] (...continued)

causes of action are core proceedings even though Skyline, the bankruptcy debtor, is not a party to this case. <u>See</u> <u>supra</u> note 20. Section 1412, therefore, at least applies to those causes of action, regardless of which view of the scope of § 1412 is correct. Thus, Sabre's contention that § 1412 does not apply at all because Skyline is no longer a party is without merit. <u>See</u> Brief in Support of Plaintiff's Response to Defendant's Motion to Transfer Venue, Docket Entry No. 13 at 5 (arguing that § 1412 does not apply).

finding that the case could have originally been brought in the district to which the transfer is sought).

The movant bears the burden of demonstrating that change of venue under § 1404(a) is warranted. _See_ _Time, Inc. v. Manning_, 366 F.2d 690, 698 (5th Cir. 1966) ("[P]laintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed . . . ."). Under § 1412 "[t]here is a strong presumption in favor of placing venue in the district court where the bankruptcy case is pending." _In re Vital Link Lodi, Inc._, 240 B.R. 15, 19 (Bankr. W.D. Mo. 1999). _Accord_, _Orthodontic Centers of Texas, Inc. v. Corwin_, No. Civ. A. H-06-2595, 2007 WL 173220, at *1 (S.D. Tex. Jan. 18, 2007); _Zhang v. Rothrock_, No. Civ. A. H-05-3461, 2006 WL 213951, at *1 (S.D. Tex. Jan. 25, 2006). Ultimately, the decision to transfer a pending case is committed to the district court's sound discretion. _See_ _In re Volkswagen_, 371 F.3d 201, 203 (5th Cir. 2004).

2. Threshold Inquiry

Under § 1404(a) the court must first determine whether this action might have been brought in the district to which the defendants seek a transfer. _In re Horseshoe Entertainment_, 337 F.3d 429, 433 (5th Cir. 2003). Exhibits and Windham assert that this action could have originally been brought in the Northern District of Texas because "substantially all of the events underlying the claims in the [l]awsuit took place in the Northern

25

District of Texas."[43]  See 28 U.S.C. § 1391(b)(2) ("A civil action wherein jurisdiction is not founded solely on diversity of citizenship may . . . be brought only in . . . (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ."). Sabre does not contend otherwise.[44] Also, under 28 U.S.C. § 1409(a), a proceeding arising under or related to a bankruptcy may be brought in the district where the bankruptcy proceeding is pending. See 28 U.S.C. § 1409(a); City of Liberal, 316 B.R. at 362 (citing Edge Petroleum Operating Co. v. Duke Energy Trading & Mktg., 311 B.R. 740, 742 (S.D. Tex. 2003)). Therefore, because a substantial part of the events giving rise to these claims occurred in the Northern District of Texas and because Skyline's bankruptcy proceeding is pending in the Northern District of Texas, this action could have been brought in the Northern District of Texas.

### 3. The Interest of Justice

The Fifth Circuit has explained that the "interest of justice" inquiry involves considering four public interest factors: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home;

---

[43] Defendant TSM Exhibits Incorporated's and Defendant Beryl Ann Windham's Motion to Transfer Venue and Brief in Support, Docket Entry No. 11 at 5 n.4.

[44] See Brief in Support of Plaintiff's Response to Defendant's Motion to Transfer Venue, Docket Entry No. 13.

(3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law."  In re Volkswagen, 371 F.3d at 203.  These factors favor transferring the case to the Northern District of Texas.

With regard to the first factor, the parties have not suggested that court congestion presents a great problem in either the Southern District of Texas or the Northern District of Texas. Under § 1412 "promot[ing] the efficient administration of the bankruptcy estate" is an important factor.  In re Manville Forest Prods. Corp., 896 F.2d 1384, 1391 (2d Cir. 1990).  Allowing the bankruptcy court to adjudicate the core claims involved in this case, as well as the other related claims, promotes the efficient administration of the bankruptcy estate.  This factor thus favors transferring the case.

As to the second factor, Sabre's principal place of business is located in the Southern District of Texas while the defendants are all located in the Northern District of Texas.[45]  Therefore, this factor is neutral.

The third factor, however, favors transferring the case to the Northern District of Texas.  This case involves Texas law claims.

---

[45] See Brief in Support of Plaintiff's Response to Defendant's Motion to Transfer Venue, Docket Entry No. 13 at 1; Defendant TSM Exhibits Incorporated's and Defendant Beryl Ann Windham's Motion to Transfer Venue and Brief in Support, Docket Entry No. 11 at 8.

Both potential federal courts are equally familiar with Texas law. But, if the case is transferred to the Northern District of Texas, it will be handled by a federal bankruptcy judge. See N.D. Tex. Misc. Order 33 (ordering that all bankruptcy cases or cases arising in or related to bankruptcy be referred to the bankruptcy judges in that district). Bankruptcy judges have a special familiarity with bankruptcy law, and thus are ideally suited to handle claims such as these, at least two of which are core bankruptcy proceedings, and the rest of which are related to the bankruptcy and form part of the same controversy as the core proceedings.[46]

With regard to the fourth and final factor, the parties have not identified any conflict of law concerns. Therefore, this factor is neutral. Because two factors favor transfer and two are neutral, "the interest of justice" favors transferring this case to the Northern District of Texas. 28 U.S.C. §§ 1404(a), 1412.

### 4. The Convenience of the Parties

Courts should evaluate the convenience of the parties and witnesses based on certain private interest factors. These factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." In re Volkswagen, 371 F.3d at 203

---

[46] See supra Part II.A.1-2.

(citing _Piper Aircraft Co. v. Reyno_, 102 S. Ct. 252, 258 n.6 (1981). Courts also consider the plaintiff's choice of forum, the place of the alleged wrong, and the possibility of delay or prejudice if transfer is granted. See _In re Horseshoe Entertainment_, 337 F.3d at 433-34.

Most of these factors support transferring the case to the Northern District of Texas. The initial meeting of the parties to arrange the details of the loan at the center of this controversy took place in the Northern District of Texas, and the actions taken by Exhibits and Windham after the loan was consummated occurred mostly, if not exclusively, in the Northern District of Texas because that is where Windham lives and operates her businesses.[47] Therefore, most of the wrongs alleged by both parties occurred in the Northern District of Texas. The place of the alleged wrong is one of the more important factors in venue determination. See _Lemery v. Ford Motor Co._, 244 F. Supp. 2d 720, 732 (S.D. Tex. 2002). Accordingly, this factor weighs heavily toward transferring the case to the Northern District of Texas. Additionally, since the defendant's office and records are located in the Northern

---

[47] See Plaintiff's Original Petition at 7-10 (included in the Notice of Removal, Docket Entry No. 1 at Exhibit A, Attachment 2).

District of Texas,[48] access to sources of proof should be easier if the case is transferred to that district.

The cost of attendance for willing witnesses will be lower if this case is transferred to the Northern District of Texas. As Exhibits and Windham point out, the witnesses that would likely testify in this case will also be involved in Skyline's bankruptcy litigation, which is currently pending the Northern District of Texas.[49] Therefore, witness travel costs can be reduced if all related litigation occurs in one location.

The parties have not identified any unwilling witnesses who would be subject to compulsory process in the Southern District of Texas but not the Northern District of Texas, or vice versa. This factor is thus neutral.

The possibility of delay and prejudice is only relevant in "rare and special circumstances." In re Horseshoe, 337 F.3d at 434. It must be established by clear and convincing evidence. Id. Since no evidence was presented on this factor, it too is neutral in this case.

The plaintiff's choice in forum favors venue remaining in the Southern District of Texas. Under Fifth Circuit precedent,

---

[48] Defendant TSM Exhibits Incorporated's and Defendant Beryl Ann Windham's Motion to Transfer Venue and Brief in Support, Docket Entry No. 11 at 8.

[49] Defendant TSM Exhibits Incorporated's and Defendant Beryl Ann Windham's Motion to Transfer Venue and Brief in Support, Docket Entry No. 11 at 8.

however, this factor is "neither conclusive nor determinative." In re Horseshoe, 337 F.3d at 434. The other factors, which heavily militate toward transferring the case, outweigh the fact that Houston was the plaintiff's choice of forum.

Finally, the court may consider "all other practical problems that make trial of a case easy, expeditious and inexpensive." In re Volkswagen, 371 F.3d at 203. As stated earlier, there is a strong presumption under § 1412 that venue should be in the court where the bankruptcy proceeding is pending. In re Vital Link Lodi, Inc., 240 B.R. at 19. Although some causes of action may not be subject to § 1412, the logic behind the presumption is nevertheless persuasive in this case. Because all of the causes of action in this case are all either core bankruptcy proceedings or so closely related that they form part of the same controversy,[50] they can most easily, expeditiously, and inexpensively be litigated in the bankruptcy court in the Northern District of Texas.

After weighing the relevant factors, the court concludes that the "convenience of the parties" analysis supports transfer. Because all of the requirements of both § 1404(a) and § 1412 are satisfied the court will order the case to be transferred to the Northern District of Texas, Dallas Division.

---

[50] See supra Part II.A.1-2.

## IV.  Conclusion and Order

Based on the foregoing analysis, plaintiff Sabre's Motion to Abstain from Hearing Plaintiff's Original Petition and Motion to Remand to State Court (Docket Entry No. 4) is **DENIED**, and defendants Exhibits and Windham's Motion to Transfer Case to United States District Court for the Northern District of Texas, Dallas Division (Docket Entry No. 11) is **GRANTED**.  This action is **TRANSFERRED** to the United States District Court for the Northern District of Texas.

**SIGNED** at Houston, Texas, on this the 18th day of September, 2008.

SIM LAKE
UNITED STATES DISTRICT JUDGE